In the

# United States Court of Appeals

## for the Seventh Circuit

No. 20-3500

JAMES MUNSON,

*Plaintiff-Appellant*,

*v.*

STEVEN NEWBOLD and
WEXFORD HEALTH SOURCES, INC.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:17-CV-1277-MAB — **Mark A. Beatty**, *Magistrate Judge*.

SUBMITTED FEBRUARY 16, 2022* — DECIDED AUGUST 23, 2022

Before SYKES, *Chief Judge*, and BAUER and ROVNER, *Circuit
Judges*.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

SYKES, *Chief Judge*. James Munson, an Illinois prisoner, sued the prison's chief dentist and medical-services provider raising Eighth Amendment claims under 42 U.S.C. § 1983 stemming from delays in his treatment for dental pain. The district court entered summary judgment for the defendants, finding no evidence that the delay could be attributed to the dentist and no basis for holding the medical-services provider liable under *Monell*. We affirm.

## I. Background

While Munson was an inmate at the Menard Correctional Center, he developed sensitivity in two teeth because of old, poorly fitted partial dentures. In April 2014 he went to the prison's dental unit as a walk-in complaining of a broken tooth. Dr. Harry Henderson examined him and noted fractured enamel and decay in both problem teeth. He advised Munson that he was not a candidate for new partial dentures but recommended extraction of the tooth with the more serious deterioration. Munson consented to the extraction, which was performed the same day. Dr. Henderson explained the benefits of removing the other problem tooth as well, but Munson declined to proceed with a second extraction, so treatment of that tooth was postponed.

Munson's next regular dental examination, set for July 14, had to be rescheduled because of a lockdown. Munson asserts that the next day, July 15, he wrote a letter to Dr. Steven Newbold, the prison's chief dentist, complaining of dental pain and seeking treatment for the other problem tooth. He says he left the letter between the bars of his cell for a shift officer to deliver. Dr. Newbold cannot recall receiving the letter, nor did he record any such letter in

Munson's chart, which was his practice upon receiving prisoner correspondence.

Because of successive lockdowns, Munson's regular exam was repeatedly rescheduled—to July 21, July 28, and finally to August 5. When Dr. Henderson examined him again on August 5, he explained the treatment options for the second affected tooth. Munson consented to Dr. Henderson's proposal to numb his mouth and evaluate and treat the tooth as needed. Dr. Henderson numbed Munson's mouth for treatment, but Munson left to take a legal call before treatment could begin.

Munson says he wrote a second letter to Dr. Newbold on September 20 complaining about pain in the second, still-untreated tooth. He claims that he again placed the letter between his cell bars for a shift officer to deliver. Again, Dr. Newbold cannot recall receiving the letter. Nor did he record receipt of the letter in Munson's chart, as was his practice. In February 2015 Munson saw Dr. Henderson, who treated the second sensitive tooth by removing the decay and filling the cavity.

In August and September 2016, Munson had a series of appointments with Dr. Newbold to examine yet another painful tooth and evaluate him for new partial dentures. Dr. Newbold explained to Munson that replacing his partial dentures would require attaching the replacement dentures to the newly sensitive tooth. Dr. Newbold advised against this because it would exacerbate Munson's pain; he instead recommended extracting the painful tooth. Munson did not want to remove the tooth that day and had no further appointments with Dr. Newbold. Munson eventually received

new partial dentures after his transfer to Lawrence Correctional Center the following year.

In November 2017 Munson brought this suit raising Eighth Amendment claims against Dr. Newbold and Wexford Health Sources, Inc., the corporation that contracts with the Illinois Department of Corrections to provide medical services to inmates at Menard. He alleged that Dr. Newbold deliberately disregarded his pain by delaying treatment for the second sensitive tooth, delaying new partial dentures, and denying his request for desensitizing gel.[1] After Dr. Newbold and Wexford moved for summary judgment, Munson sought recruited pro bono counsel based on his anticipated need to manage discovery of medical evidence. A magistrate judge, presiding with the parties' consent, denied the request because he found Munson's filings to be coherent and his case more likely to turn on historical facts rather than medical evidence.

The judge granted the defendants' motion for summary judgment, concluding that the evidence could not support an inference that Munson's dental problems were a serious medical need or that Dr. Newbold even knew of his requests for treatment for the second sensitive tooth. He also ruled that the evidence was insufficient to attribute any delay in treatment to Dr. Newbold, especially given Munson's reluctance to proceed with a course of treatment he disagreed with. And the judge determined that Wexford could not be held liable for damages without evidence that Munson

---

[1] Munson also sued other prison dentists, but they were dismissed from the case, and he does not challenge that ruling on appeal.

experienced any constitutional harm. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## II. Discussion

We review the magistrate judge's summary-judgment order de novo, viewing the record in the light most favorable to Munson and drawing all reasonable inferences in his favor. *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Munson's appeal is largely limited to the judge's ruling that no evidence supported an inference that Dr. Newbold was aware of his need for treatment for the second sensitive tooth. He contends that the judge overlooked evidence that he sent Dr. Newbold two letters in which he described his pain, complained of delays in treating the tooth, and sought treatment. Munson argues that because he left the letters between the bars of his cell to be picked up, the judge should have inferred that Dr. Newbold received them and knew of his dental needs. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 767 (7th Cir. 2021).

Even if we infer that Dr. Newbold received Munson's letters, nothing in the record indicates that he was responsible for a delay in treatment for an objectively serious medical condition. An Eighth Amendment deliberate-indifference claim has both objective and subjective elements; when the claim is premised on inadequate medical care, the plaintiff must prove that he suffered from an objectively serious medical condition and that the defendant was subjectively aware of and deliberately indifferent to that serious medical

need. *Id.* at 763; *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 (7th Cir. 2021). The subjective element requires evidence that the defendant was aware of facts supporting an inference that a substantial risk of serious harm existed and in fact drew that inference. *Stewart*, 14 F.4th at 763. In other words, an Eighth Amendment deliberate-indifference claim requires proof that the defendant acted with a sufficiently culpable state of mind; mere negligence or even gross negligence is not enough. *Id.* The defendant must instead have "ignored a known risk." *Id.* (quotation marks omitted).

The undisputed evidence shows that Dr. Henderson examined Munson as a walk-in patient in April 2014, and Munson agreed to the extraction of one broken, decayed tooth. But he declined to have the other problem tooth extracted at that time. Munson's regularly scheduled July 14 appointment was rescheduled because of lockdowns. The next day, he sent the first of his two letters to Dr. Newbold. The appointment was rescheduled to July 21 and then to July 28 because of lockdowns. It is undisputed that Dr. Newbold was not responsible for these delays. On August 5 Munson saw Dr. Henderson again and consented to treatment of the affected tooth. But he left to take a legal call before Dr. Henderson could complete the treatment. When Munson made that choice, he was aware that it sometimes took months to be scheduled for dental work. About six weeks later, he sent a second letter to Dr. Newbold complaining about Dr. Henderson's failure to reschedule his appointment. But by this time, Munson had passed up two opportunities to treat the tooth—once when he declined to have it extracted and once when he left the treatment room to take a legal call.

These facts fall far short of demonstrating the state of mind required to prove an Eighth Amendment violation. Munson voluntarily walked away from treatment opportunities twice. His primary complaint was pain, which can be an objectively serious medical condition, but Dr. Newbold cannot be faulted for not construing his complaint as urgent when Munson himself twice abandoned treatment when it was offered. Nothing in the record supports an inference that Dr. Newbold acted (or failed to act) in a manner demonstrating a culpable state of mind—i.e., that he ignored a known and substantial risk of serious harm. Accordingly, the magistrate judge properly entered summary judgment for Dr. Newbold.

Munson also challenges the judge's entry of summary judgment for Wexford on his *Monell* claim. He asserts that Wexford maintains a practice of cutting costs at the expense of inmate well-being, particularly by removing teeth instead of treating them. But he presented no evidence from which a jury could find "systemic and gross deficiencies" in care, *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (quotation marks omitted), or any prior pattern of constitutional violations resulting from a policy of removing teeth instead of treating them, *see Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 236–37 (7th Cir. 2021). Moreover, Wexford cannot be liable where, as here, Munson is unable to establish that he was deprived of a federal right. *See id.* at 235.

Finally, Munson argues that the judge did not adequately consider the complexity of his case at the summary-judgment stage when denying his motion for recruited pro bono counsel. The judge, however, based this decision on a reasonable evaluation of the factors discussed in *Pruitt v.*

*Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). The judge considered Munson's ability to litigate the case himself, discussing factors like his education level, dyslexia, and the adequacy of his earlier filings. The judge also reasonably concluded that Munson's case depended not on complex medical evidence but rather on historical facts, like whether Dr. Newbold had ever received or read Munson's letters.

AFFIRMED